IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 45

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERRELL TITO BOWMAN | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court for a hearing on a Motion to Withdraw as Counsel of Record and Request for Appointment of New Counsel (Doc. 18) ("Motion to Withdraw") filed by Assistant Federal Public Defender Fredilyn Sison. Assistant United States Attorney John Pritchard appeared for the Government. Ms. Sison appeared with Defendant.

I. Relevant Procedural Background

A three-count Bill of Indictment (Doc. 1) was filed against Defendant on June 4, 2019.

A Superseding Bill of Indictment (Doc. 4) was filed on August 7, 2019 charging Defendant with three counts: (1) knowingly and intentionally possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); (2) knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) knowingly and unlawfully possessing a firearm having been previously convicted of at least

one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

Defendant was arraigned on September 6, 2019 and trial was scheduled to begin on November 4, 2019.

Defendant subsequently made two motions to continue, which were granted. See (Docs. 13 & 16). This matter is currently scheduled for trial beginning on March 2, 2020.

## II. Discussion and Order

At the beginning of the hearing, the undersigned noted that, in addition to the Motion to Withdraw, a separate document also appears on the docket (Doc. 17). That document, which consists of sections entitled "Letter Rogatory" and "Confession and Avoidance," appears to be addressed to defense counsel with copies going to the United States Attorney, the Assistant United States Attorney assigned to this case, the Clerk of Court, and "Presiding Honorable Judge."[1] Based on a stamp on the first page of the document and statements by counsel for the Government, it appears that this document was received by the Government and subsequently filed by the Government.

Defense counsel requested that the courtroom and the record be sealed and that the undersigned receive further information from defense counsel and

---

[1] The undersigned's chambers has not received a copy of this document.

hear from Defendant in an *ex parte* setting, as defense counsel believed the Court's consideration of the Motion to Withdraw would require the presentation of privileged or confidential information. The request was allowed, and the courtroom and the record were sealed.

The undersigned then heard further from defense counsel. The Court also inquired of Defendant regarding his position with regard to the Motion to Withdraw.[2]

The courtroom and the record were then unsealed. The Government advised that it does not oppose the Motion to Withdraw.

In considering the Motion to Withdraw, the Court has taken into account the following factors: 1) the timeliness of the Motion; 2) the reasons given by defense counsel and Defendant as to why Ms. Sison's representation of Defendant should not continue; and 3) whether the conflict between Defendant and Ms. Sison is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

As to timeliness, it appears that significant deterioration of the relationship between defense counsel and Defendant has occurred in the recent

---

[2] Matters raised during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

3

past, with the last meeting between them occurring over the previous weekend. The Motion to Withdraw itself was filed shortly thereafter, on Tuesday, February 18, 2020, which was the first business day following a federal holiday on February 17, 2020. While the Motion to Withdraw did come somewhat late in the development of this case, and after trial had been continued twice at the request of Defendant, the Motion was not filed on the immediate eve of trial. This factor, therefore, is neutral. See United States v. Blackledge, 751 F.3d 188, 194, 197 (4th Cir. 2014) (initial motion to withdraw made slightly three weeks before trial was timely; timing of second motion filed only three days before trial somewhat favored denial); United States v. Jennette, 387 Fed. Appx. 303, 307 (4th Cir. 2010) (motion to substitute counsel filed two weeks before sentencing hearing was timely).

With respect to the second factor, defense counsel has provided reasons as to why she believes her representation should not continue. The undersigned finds those reasons, which were described in further detail during the *ex parte* portion of the hearing, to be legitimate and compelling. This factor weighs in favor of allowing the Motion.

With respect to the third factor, defense counsel advised that, in her opinion, communication with Defendant had "totally broken down" such that she had concerns about her ability to represent Defendant going forward.

Defendant expressed similar sentiments and requested that the Motion to Withdraw be allowed. This factor also weighs in favor of allowing the Motion.

In sum, the information provided during the hearing indicates that defense counsel and Defendant have been attempting to communicate regarding this matter. It also appears, however, that their ability to work together to prepare for trial or other proceedings in this case, in which Defendant faces serious criminal charges, has degraded to such an extent that a change of counsel is now warranted.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Withdraw as Counsel of Record and Request for Appointment of New Counsel (Doc. 18) is **GRANTED**, and Ms. Sison and the Office of the Federal Defender are hereby **WITHDRAWN** as attorneys of record for Defendant.

2. The Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

Signed: February 20, 2020

W. Carleton Metcalf
United States Magistrate Judge